ORIGINAL

UNITED STATES BANKRUPTCY COURT
DISTRICT OF DELAWARE

| | |
|---|---|
| In re:<br><br>KAINOS PARTNERS HOLDING COMPANY LLC, et al.,[1]<br><br>Debtors. | Chapter 11<br><br>Case No. 09-12292 (BLS)<br><br>Re Docket No.: 455 |

## ORDER APPROVING BIDDING PROCEDURES IN CONNECTION WITH PROPOSED SALE OF STORES AND RELATED ASSETS

Upon the motion (the "<u>Motion</u>")[2] of Kainos Partners Holding Company LLC, on behalf of itself and its affiliated debtors and debtors in possession in the above-captioned cases (collectively, the "<u>Debtors</u>"), for an order (this "<u>Order</u>") (a) authorizing bidding procedures (the "<u>Bidding Procedures</u>") to be employed in connection with the proposed sale (the "<u>Asset Sale</u>") of a substantial portion of the assets and business operations of the Debtors (the "<u>Stores</u>") and

---

[1] The Debtors in these cases, along with the last four digits of their respective federal tax identification numbers, are as follows: Kainos Partners Holding Company LLC (2522), Kainos Partners Buffalo RE Holdings LLC (4572), Kainos Partners Greenville SC-RE Holdings LLC (1049), Kainos Partners Las Vegas RE Holdings LLC (4953), Kainos Vineyard Drive RE LLC (4572), Kainos Highway 29 RE LLC (4368), Kainos 1996 East Main RE LLC (4323), Kainos Wade Hampton RE LLC (0258), Kainos Clinton CML RE LLC (3046), Kainos Wilson Road RE LLC (4582), Kainos Partners Columbia SC LLC (0839), Kainos Partners Houston LLC (2322), Kainos Partners Las Vegas LLC (2311), Kainos Partners Las Vegas LLC Operating Series #1 (2311), Kainos Partners Las Vegas LLC Operating Series #2 (2311), Kainos Partners Las Vegas LLC Operating Series #3 (2311), Kainos Partners Las Vegas LLC Operating Series #4 (2311), Kainos Partners Las Vegas LLC Operating Series #5 (2311), Kainos Partners Las Vegas LLC Operating Series #6 (2311), Kainos Partners Las Vegas LLC Operating Series #8 (2311), Kainos Partners Las Vegas LLC Operating Series #10 (2311), Kainos Partners Las Vegas LLC Operating Series #11 (2311), Kainos Partners Las Vegas LLC Operating Series #13 (2311), Kainos Partners Las Vegas LLC Operating Series #14 (2311), Kainos Partners Las Vegas LLC Operating Series #15 (2311), Kainos Partners Las Vegas LLC Operating Series #18 (2311), Kainos Partners Las Vegas LLC Operating Series #20 (2311), Kainos Partners Las Vegas LLC Operating Series #21 (2311), Kainos Partners Las Vegas LLC Operating Series #24 (2311), Kainos Partners Las Vegas LLC Operating Series #25 (2311), Kainos Partners Las Vegas LLC Operating Series #28 (2311), Kainos Partners Las Vegas LLC Operating Series #34 (2311), Kainos Partners LLC (4132), Kainos Partners South Carolina LLC (2847), Kainos Walden-Transit LLC (8183), Kainos Camp-Southwestern LLC (1665), Kainos Main Street Jimtown LLC (2390), Kainos Fairmount LLC (3145), Kainos Crosspoints LLC (5065), Kainos Main-Bailey LLC (2673), Kainos Boulevard Mall LLC (5711), Kainos Union Rd LLC (5397), Kainos Flix-Transit LLC (6538), Kainos Walden LLC (6538), Kainos NF Maple Road LLC (8345), Kainos Union Road Cheektowaga LLC (9508), Kainos Broadway Retail LLC (5605), Kainos Main-Chippewa LLC (3003), Kainos Transit-Genesee LLC (5497), Kainos Broadway CML LLC (5544), Kainos Eggert Road LLC (0880), Kainos Delaware-Hertel LLC (6137), Kainos Vineyard Drive LLC (5721), Kainos Boston State Road LLC (0995), Kainos Walmart LLC (4344), Kainos Tiger Boulevard LLC (8580), Kainos East Main Street LLC (7907), Kainos East Greer Street LLC (4666), Kainos Fairview Road LLC (4557), Kainos Main & Coffee LLC (4231), Kainos Highway 29 LLC (4679), Kainos 1996 East Main LLC (4618), Kainos East Greenville Street LLC (0171), Kainos Boiling Springs LLC (1260), Kainos West Butler LLC (0160), Kainos Main Street Simpsonville LLC (4281), Kainos North Main Street LLC (0885), Kainos 1131 West Wade Hampton Blvd LLC (6055), Kainos 2903 N. Pleasantburg Dr. LLC I6132), Kainos 520 N. US Highway 25 LLC (6429), Kainos 7252 Moorefield Memorial Hwy. LLC (6376), Kainos Woodruff Road LLC (1085), Kainos 411 The Parkway LLC (6203), Kainos 1551 Laurens Rd. LLC (6330), Kainos 6055 White Horse Rd. LLC (6479), Kainos Calhoun Memorial LLC (6264), Kainos South Pine LLC (0164), Kainos Wade Hampton LLC (0993), Kainos WM Central LLC (1210), Kainos Farrow Road LLC (5453), Kainos Main Street Columbia LLC (5500), Kainos 378 & Sunset LLC (1138), Kainos South Lake Drive LLC (4435), Kainos Clemson Road LLC (0253), Kainos Wilson Road ITC (4465), Kainos Ann & Simmons LLC (4868), Kainos Boulder & Racetrack LLC (5070), Kainos Craig & Jones LLC (5145), Kainos Silverado & Bermuda LLC (4948), Kainos Clinton CML (5727), Kainos Lake Mead & Simmons LLC (2311). The mailing address for Kainos is 26 Parkway Commons Drive, Greer, SC 29650.

[2] Capitalized terms used but not defined herein shall have the meanings ascribed to them in the Motion.

related assets (collectively, the "Purchased Assets") to Dunkin' Brands, Inc. or its designee ("Buyer") pursuant to the terms and conditions of a Term Sheet dated February 24, 2010 (the "Term Sheet") among the Debtors, Buyer, the Official Committee of Unsecured Creditors of the Debtors (the "Committee"), Kainos Investment Partners I, LLC ("KIP I"), Kainos Investment Partners II, LLC ("KIP II"), PCEP II KPHC Holdings, Inc. ("PCEP"), and CIT Group/Equipment Financing, Inc. ("CIT"), which shall be reflected in an Asset Purchase Agreement between Buyer and the Debtors to be filed with the Court no later than March 8, 2010 (the "Dunkin' Purchase Agreement"), or to another bidder submitting a higher or better offer at a proposed auction (the "Auction"); (b) scheduling an Auction and a hearing to consider approval of the Asset Sale (the "Sale Hearing"); and (c) approving the form and manner of notice of this Motion and the Sale Hearing; and requesting that this Court grant the relief concerning the Bidding Procedures sought in the Motion pursuant to sections 105, 363, and 365 of title 11 of the United States Code (the "Bankruptcy Code"), Rules 2002, 4001, 6004, 6006, and 9014 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"), and Rule 6004-1 of the Local Rules of Bankruptcy Practice and Procedure of the United States Bankruptcy Court for the District of Delaware (the "Local Rules"); and the Court having reviewed pleadings filed by counsel to the Debtors, and based on all of the evidence, including any evidence proffered at a hearing regarding the Bidding Procedures (the "Bidding Procedures Hearing"), representations and offers of proof made by counsel, and argument of counsel; and on the entire record of the Bidding Procedures Hearing; and on the consent of the Committee, CIT, KIP I, KIP II, and PCEP (in both their capacities as DIP Lenders and as pre-petition secured lenders); and any objections having been filed having been resolved, withdrawn, or overruled, and there appearing good cause therefor:

IT IS HEREBY FOUND AND CONCLUDED, pursuant to Rules 7052 and 9014 of the Bankruptcy Rules, that:

A. On July 6, 2009 (the "Petition Date"), the Debtors commenced these cases by filing voluntary petitions under chapter 11 of the Bankruptcy Code (the "Chapter 11 Cases"). The Debtors manage their property as debtors-in-possession pursuant to Sections 1107 and 1108 of the Bankruptcy Code.

B. This Court has jurisdiction over this matter pursuant to Sections 157 and 1334 of title 28 of the United States Code (the "Judicial Code"). This is a core proceeding pursuant to Section 157(b)(2) of the Judicial Code. Venue of the Chapter 11 Cases in this District is proper pursuant to Section 1408 of the Judicial Code, and venue of this contested matter is proper pursuant to Section 1409(a) of the Judicial Code.

C. The Debtors have provided notice of the relief sought with respect to the Bidding Procedures and the other relief requested in the Motion to: (i) the Office of the United States Trustee; (ii) counsel to the Committee; (iii) counsel to CIT; (iv) counsel to Dunkin'; and (v) those parties requesting notice pursuant to Bankruptcy Rule 2002 (the "Core Notice Parties"). The notice of and opportunity to be heard with respect to the Bidding Procedures was proper, timely, adequate, and sufficient, meets the requirements of the Bankruptcy Code, the Bankruptcy Rules, and the Local Rules, is reasonably calculated to give actual notice of the relief contemplated hereby, and is appropriate under the circumstances, and no further notice is required. A reasonable opportunity to object or be heard regarding the relief granted by this Order has been afforded to those parties entitled to notice.

D. The approval of the Bidding Procedures is in the best interest of the Debtors, their estates, their creditors, and other parties in interest. The Debtors' determination to propose and to agree to such provisions is within their reasonable business judgment.

E. There is a need to have the auction of the Purchased Assets proceed as rapidly as possible, due to the impending closure of the Stores.

WHEREUPON, IT IS HEREBY ORDERED THAT:

### Approval of Bidding Procedures; Notices

1. The relief sought in the Motion concerning the Bidding Procedures is granted. To the extent that there is any conflict between the provisions of this Order and the provisions of the Motion, the Dunkin' Purchase Agreement, or the Term Sheet, the terms of this Order shall control. The Bidding Procedures annexed hereto as Exhibit A shall be, and hereby are, approved. The Notice of Sale, annexed to the Motion as Exhibit D, as such notice may be amended appropriately to conform with the provisions of this Order, shall be, and hereby is, approved.

2. Within two business days of the entry of this Order, the Debtors shall serve by first-class mail, postage pre-paid (i) this Order and the Notice of Sale upon the Core Notice Parties, and (ii) the Notice of Sale upon all other persons entitled to notice pursuant to Bankruptcy Rule 2002(a)(2).

3. The form and manner of notice set forth in the preceding paragraph and in paragraph 5, below, is reasonable and sufficient to provide effective notice to all interested parties and shall be, and hereby is, approved as sufficient notice of the Bidding Procedures, the Sale Hearing, the Motion and all relief (not granted or otherwise addressed by this Order)

contemplated thereby, and the assumption and/or assignment of the Assigned Contracts and Unexpired Leases.

4. Objections to the Motion (except as related to this Order) and/or the Dunkin' Purchase Agreement must: (a) be in writing; (b) state the legal and factual basis for such objection; (c) comply with the Bankruptcy Rules and the Local Rules; (d) be filed with the Clerk of the Bankruptcy Court; and (e) be served on (i) counsel for the Debtors, Reed Smith LLP, 1201 North Market Street, Suite 1500, Wilmington, DE 19801 (Attn: Mark W. Eckard, Esq. and Kathleen A. Murphy, Esq.) and Reed Smith LLP, 599 Lexington Avenue, New York, New York, 10022 (Attn: J. Andrew Rahl, Jr., Esq.); (ii) counsel to the CIT Group/Equipment Financing, Inc., Hahn & Hesson LLP, 488 Madison Avenue, New York, New York 10022 (Attn: Rosanne Thomas Matzat, Esq.) and Morris James LLP, 500 Delaware Avenue, Suite 1500, Wilmington, DE 19801 (Attn: Brett D. Fallon, Esq.); (iii) counsel to the Official Committee of Unsecured Creditors, Womble, Carlyle, Sandridge, & Rice, PLLC, 222 Delaware Avenue, Suite 1501, Wilmington, DE 19801 (iv) counsel to Dunkin Brands, Inc., Ropes & Gray LLP, One International Place, Boston, MA 02110 (Attn: Don Scott De Amicis, Esq.); and (v) the Office of the United States Trustee, 844 King Street, Suite 2207, Lockbox 35, Wilmington, DE 19801 (Attn: Joseph J. McMahon, Jr., Esq.) (collectively, the "Service Parties"), so as to be received no later than 12:00 noon (Prevailing Eastern Time), on March 26, 2010 (the "Objection Deadline"). Any objection not filed and served strictly in compliance with this paragraph shall be overruled.

## Procedures Related to Assumption and/or
## Assignment of Executory Contracts and Unexpired Leases

5.  Within two business days of the entry of this Order, the Debtors shall serve by first-class mail, postage pre-paid, a copy of this Order and a notice of the Motion and Sale Hearing, substantially in the form of notice annexed to the Motion as Exhibit D (as such notice may be amended appropriately to conform with the provisions of this Order) (the "Assigned Contract and Unexpired Lease Notice"), on all non-debtor parties to executory contracts and unexpired leases that may be assumed by the Debtors and/or assigned to Buyer in connection with the closing of the Asset Purchase Agreement (the "Assigned Contracts" and the "Unexpired Leases"), with each such notice setting forth the Debtors' calculation of the cure amount, if any, that would be owing to such counterparty if the Debtors assumed such executory contract or unexpired lease and assign it to Buyer.

6.  The Assigned Contract and Unexpired Lease Notice provides ample notice of the relief requested, the relative impact that such relief may have on the counterparties to the Assigned Contracts and Unexpired Leases, and the procedures that such counterparties must follow to respond, participate in the Auction, or otherwise object to the relief requested, as the case may be.

7.  Any interested party seeking to object to (a) the assumption and/or assignment to Buyer, or another bidder providing a higher or otherwise better offer at the Auction, of an Assigned Contract or Unexpired Lease or (b) the validity of the cure amount, if any, set forth in the Assigned Contract and Unexpired Lease Notice, or otherwise assert that any amounts, defaults, conditions, or pecuniary losses as of the Petition Date (including accrued but not yet due obligations) must be cured or satisfied under any of the Assigned Contracts and Unexpired

Leases in order for such contract to be assumed and/or assigned (collectively, a "Cure Obligation"), must file and serve an objection (a "Cure Objection") so that such Cure Objection is received by the Service Parties not later than 12:00 noon (Prevailing Eastern Time) on March, 26, 2010 (the "Cure Objection Deadline"). Cure Objections shall set forth with specificity any and all Cure Obligations or conditions which the objecting party asserts must be cured or satisfied with respect to the subject Assigned Contract or Unexpired Lease, including the cure amount that the objector asserts is due, the specific types and dates of any alleged defaults, pecuniary losses and conditions to assignment, and the support therefor, and all other objections to assumption and/or assignment.

8. Any non-debtor party to any Assigned Contract or Unexpired Lease that receives notice of the proposed assumption or assignment of such Assigned Contract or Unexpired Lease and does not file and serve a Cure Objection by the Cure Objection Deadline strictly in accordance with this Order (a) shall be deemed (i) to have waived and released any right to assert a Cure Obligation and (ii) to have given the consent contemplated by sections 365(c)(1)(B) and 365(f)(1) of the Bankruptcy Code to the assumption and/or assignment of such Assigned Contract or Unexpired Lease to Buyer, or another bidder providing a higher or otherwise better offer at the Auction, upon payment of the cure amounts, if any, specified in the subject Assigned Contract and Unexpired Lease Notice, and (b) shall be forever barred and estopped from asserting or claiming against the Debtors, Buyer, or any other assignee of the relevant Assigned Contract or Unexpired Lease that any additional amounts are due or defaults exist, or conditions to assignment must be satisfied, under such Assigned Contract or Unexpired Lease.

9. Hearings with respect to Cure Objections may be held (a) at the Sale Hearing, or (b) at such other date as the Court may designate; provided, that if the subject Assigned Contract

or Unexpired Lease is assumed and assigned prior to resolution of any Cure Objection, the cure amount asserted by the objecting party (or such lower amount as may be fixed by the Court) shall be deposited by Buyer with respect to Assigned Contracts and by Seller with respect to Unexpired Leases to be held in a segregated account maintained by the Debtors or such other person as the Court may direct pending further order of the Court or mutual agreement of the parties. Seller will bear cure costs related to the assumption and assignment of the Assumed Leases.

### Auction & Sale Hearing

10. An auction (the "Auction") for the Purchased Assets will be conducted by the Debtors at the offices of their counsel, Reed Smith LLP, 599 Lexington Avenue, New York, New York 10022, on March 30, 2010, at 10:00 a.m. (Prevailing Eastern Time) or at such other date and time as designated by the Debtors in their sole discretion exercised in good faith.

11. The Sale Hearing will be conducted on March 31, 2010, at 9:00 a.m. (Prevailing Eastern Time). The Debtors will seek entry of an order of the Court at the Sale Hearing approving and authorizing the sale of the Purchased Assets to Buyer or another bidder submitting a higher or better offer at the Auction. The Sale Hearing may be continued from time to time without further notice, other than announcements made in open court or a notice of adjournment filed with the Court and served on the Notice Parties.

### General

12. Nothing in this Order shall affect the rights of Buyer or another bidder submitting a higher or better offer at the Auction, prior to the Auction, to add or remove any executory contract or unexpired lease of the Debtors from the list of Assigned Contracts and Unexpired Leases; provided that any such addition or removal must comply with the Bidding Procedures.

The Debtors shall file with the Court a list of the Assigned Contracts and Unexpired Leases to be assumed and assigned on or before the date of the Sale Hearing.

13. The Debtors shall promptly provide copies of any Competing Agreements (as defined in the Bidding Procedures) received by the Debtors to counsel to Buyer.

14. As provided in Bankruptcy Rule 6004(h) and 6006(d), this Order shall not be stayed for 14 days after the entry hereto and shall be effective and enforceable immediately upon the entry hereof.

15. The findings and conclusions set forth herein constitute the Court's findings of fact and conclusions of law pursuant to Bankruptcy Rule 7052, made applicable to this proceeding pursuant to Bankruptcy Rule 9014. To the extent that any of the findings of fact set forth herein constitute conclusions of law, they are adopted as such. To the extent any of the conclusions of law set forth herein constitute findings of fact, they are adopted as such.

16. All time periods set forth in this Order shall be calculated in accordance with Bankruptcy Rule 9006(a).

17. The Debtors are authorized to take all actions necessary to effect the relief granted pursuant to this Order in accordance with the Motion.

18. Notwithstanding any applicability of any Bankruptcy Rules, the terms and conditions of this Order shall be immediately effective and enforceable upon its entry.

19. The Court retains jurisdiction with respect to all matters arising from or related to the implementation of this Order.

24336693_5.DOC

SO ORDERED.

Dated: March 4, 2010
Wilmington, Delaware

_____
THE HONORABLE BRENDAN L. SHANNON
UNITED STATES BANKRUPTCY JUDGE