# IN THE UNITED STATES BANKRUPTCY COURT
# FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re:<br><br>KAINOS PARTNERS HOLDING COMPANY LLC, et. al.,[1]<br><br>Debtors. | Chapter 11<br><br>Case No. 09-12292 (BLS)<br>(Jointly Administered)<br><br>(Proposed) Hearing Date: March 11, 2010 at 11:00 a.m. (Eastern)<br>(Proposed) Objection Deadline: March 10, 2010 at 12:00 p.m. (Eastern) |

## DEBTORS' MOTION FOR AN ORDER APPROVING AND AUTHORIZING SALE OF PERSONAL PROPERTY FREE AND CLEAR OF ALL LIENS, INTERESTS, CLAIMS AND ENCUMBRANCES PURSUANT TO SECTIONS 105 AND 363 OF THE BANKRUPTCY CODE AND RULE 6004(f) OF THE FEDERAL RULES OF BANKRUPTCY PROCEDURE

Kainos Partners Holding Company LLC ("Kainos" and together with its affiliated Debtors, the "Debtors"), by and through their undersigned counsel, seek entry of an order pursuant to sections 105 and 363 of title 11 of the United States Code, 11 U.S.C. §§ 101-1532

---

[1] The Debtors in these cases, along with the last four digits of their respective federal tax identification numbers, are as follows: Kainos Partners Holding Company LLC (2522), Kainos Partners Buffalo RE Holdings LLC (4572), Kainos Partners Greenville SC-RE Holdings LLC (1049), Kainos Partners Las Vegas RE Holdings LLC (4953), Kainos Vineyard Drive RE LLC (4572), Kainos Highway 29 RE LLC (4368), Kainos 1996 East Main RE LLC (4323), Kainos Wade Hampton RE LLC (0258), Kainos Clinton CML RE LLC (3046), Kainos Wilson Road RE LLC (4582), Kainos Partners Columbia SC LLC (0839), Kainos Partners Houston LLC (2322), Kainos Partners Las Vegas LLC (2311), Kainos Partners Las Vegas LLC Operating Series #1 (2311), Kainos Partners Las Vegas LLC Operating Series #2 (2311), Kainos Partners Las Vegas LLC Operating Series #3 (2311), Kainos Partners Las Vegas LLC Operating Series #4 (2311), Kainos Partners Las Vegas LLC Operating Series #5 (2311), Kainos Partners Las Vegas LLC Operating Series #6 (2311), Kainos Partners Las Vegas LLC Operating Series #8 (2311), Kainos Partners Las Vegas LLC Operating Series #10 (2311), Kainos Partners Las Vegas LLC Operating Series #11 (2311), Kainos Partners Las Vegas LLC Operating Series #13 (2311), Kainos Partners Las Vegas LLC Operating Series #14 (2311), Kainos Partners Las Vegas LLC Operating Series #15 (2311), Kainos Partners Las Vegas LLC Operating Series #18 (2311), Kainos Partners Las Vegas LLC Operating Series #20 (2311), Kainos Partners Las Vegas LLC Operating Series #21 (2311), Kainos Partners Las Vegas LLC Operating Series #24 (2311), Kainos Partners Las Vegas LLC Operating Series #25 (2311), Kainos Partners Las Vegas LLC Operating Series #28 (2311), Kainos Partners Las Vegas LLC Operating Series #34 (2311), Kainos Partners LLC (4132), Kainos Partners South Carolina LLC (2847), Kainos Walden-Transit LLC (8183), Kainos Camp-Southwestern LLC (1665), Kainos Main Street Jimtown LLC (2390), Kainos Fairmount LLC (3145), Kainos Crosspoints LLC (5065), Kainos Main-Bailey LLC (2673), Kainos Boulevard Mall LLC (5711), Kainos Union Rd LLC (5397), Kainos Flix-Transit LLC (6538), Kainos Walden LLC (6538), Kainos NF Maple Road LLC (8345), Kainos Union Road Cheektowaga LLC (9508), Kainos Broadway Retail LLC (5605), Kainos Main-Chippewa LLC (3003), Kainos Transit-Genesee LLC (5497), Kainos Broadway CML LLC (5544), Kainos Eggert Road LLC (0880), Kainos Delaware-Hertel LLC (6137), Kainos Vineyard Drive LLC (5721), Kainos Boston State Road LLC (0995), Kainos Walmart LLC (4344), Kainos Tiger Boulevard LLC (8580), Kainos East Main Street LLC (7907), Kainos East Greer Street LLC (4666), Kainos Fairview Road LLC (4557), Kainos Main & Coffee LLC (4231), Kainos Highway 29 LLC (4679), Kainos 1996 East Main LLC (4618), Kainos East Greenville Street LLC (0171), Kainos Boiling Springs LLC (1260), Kainos West Butler LLC (0160), Kainos Main Street Simpsonville LLC (4281), Kainos North Main Street LLC (0885), Kainos 1131 West Wade Hampton Blvd LLC (6055), Kainos 2903 N. Pleasantburg Dr. LLC I6132), Kainos 520 N. US Highway 25 LLC (6429), Kainos 7252 Moorefield Memorial Hwy. LLC (6376), Kainos Woodruff Road LLC (1085), Kainos 411 The Parkway LLC (6203), Kainos 1551 Laurens Rd. LLC (6330), Kainos 6055 White Horse Rd. LLC (6479), Kainos Calhoun Memorial LLC (6264), Kainos South Pine LLC (0164), Kainos Wade Hampton LLC (0993), Kainos WM Central LLC (1210), Kainos Farrow Road LLC (5453), Kainos Main Street Columbia LLC (5500), Kainos 378 & Sunset LLC (1138), Kainos South Lake Drive LLC (4435), Kainos Clemson Road LLC (0253), Kainos Wilson Road ITC (4465), Kainos Ann & Simmons LLC (4868), Kainos Boulder & Racetrack LLC (5070), Kainos Craig & Jones LLC (5145), Kainos Silverado & Bermuda LLC (4948), Kainos Clinton CML (5727), Kainos Lake Mead & Simmons LLC (2311). The mailing address for Kainos is 26 Parkway Commons Drive, Greer, SC 29650.

(the "Bankruptcy Code") authorizing the sale of certain personal property located at **4891 Transit Road, Depew, New York and 5090 Genesee St., Cheektowaga, New York** (the "Equipment") pursuant to the terms and conditions stated herein (the "Motion"). In support of the Motion, the Debtors respectfully represent as follows:

## JURISDICTION

1. This Court has jurisdiction over the Motion under 28 U.S.C. §§ 157 and 1334. Venue is proper under 28 U.S.C. §§ 1408 and 1409. This is a core proceeding as defined in 28 U.S.C. § 157(b).

2. The statutory bases for the relief requested herein are Sections 105 and 363 of the Bankruptcy Code and Bankruptcy Rule 6004(f).

## FACTUAL BACKGROUND

3. On July 6, 2009 (the "Petition Date"), each of the Debtors filed voluntary petitions for relief under Chapter 11 of the Bankruptcy Code. No request has been made for the appointment of a trustee or examiner and the Debtors continue to operate their businesses and manage their properties as debtors-in-possession pursuant to Sections 1107(a) and 1108 of the Bankruptcy Code. On July 17, 2009, the United States Trustee appointed the Official Committee of Unsecured Creditors (the "Committee").

**A. The Debtors' Businesses**

4. Kainos Partners LLC, the predecessor to Kainos, was formed in May 2006 to create a long term alliance with Dunkin' Brands, Inc. ("Dunkin"), and the Debtors are one of the largest 'large area' developers of Dunkin' Donuts restaurants. As of the Petition Date, the Debtors owned and operated fifty-six (56) Dunkin' Donuts franchise stores in the states of New York, South Carolina and Nevada. In addition, eight new stores were under construction. The

Debtors currently own and operate forty-one (41) stores.

**B.    Capitalization**

5.    As of the Petition Date, a number of investors had provided a total of approximately $31 million of equity investment capital to the Debtors. Of this amount, PCEP II KPHC Holdings, Inc. ("PCEP") provided approximately $14 million.

6.    The Debtors' funded debt capitalization as of the Petition Date was approximately $30 million, oft which $24.9 million was owed to The CIT Group/Equipment Financing, Inc. ("CIT"), $4.2 million to Dunkin', and $530,000 to PCEP. In addition, on June 4, 2009, CIT and PCEP jointly made an additional $660,000 loan to the Debtors.

**C.    The Debtors' Restructuring Efforts**

7.    Prior to the Petition Date, the Debtors entered into a Restructuring Support Agreement (the "RSA") with CIT, PCEP, Dunkin and certain of their respective affiliates. The RSA provided for the terms of the restructuring of the Debtors' balance sheet and operations and the underwriting for the financing of the Debtors' exit from bankruptcy. However, the RSA did not address the terms and conditions of the Debtors' relationship as a franchisee of Dunkin as well as certain other matters.

8.    From the Petition Date through early February, the Debtors pursued and implemented their operational restructuring efforts and continued their negotiations with the other parties to the RSA with respect to the issues which that agreement had left unresolved. During this period, the Debtors closed fifteen (15) stores, consolidated their three (3) regional offices into one and greatly reduced their operating and overhead expenses.[2] The Debtors also

---

[2] The Debtors filed their Debtors' First, Second, Third and Fourth Omnibus Motions To Reject Unexpired Non-Residential Real Property Leases Pursuant to 11 U.S.C. § 365(a), respectively [D.I. 45, 140, 323, and 326] (collectively, the "Rejection Motions") respectively on On July 17, 2009, September 2, 2009, October 30, 2009 and
Continued on following page

were able to obtain rent reductions and other favorable lease concessions from various landlords that have benefitted their estates and they now have pending before this court their motion to assume their remaining unexpired leases of Non-Residential Property.[3]

9. Unfortunately, however, the Debtors were unable to reach agreement on their remaining unresolved issues with the other parties to the RSA. By early February, it had become apparent that the Debtors soon would require an extension of and an increase in amount of their Debtor-in-Posession loan facility ("DIP Loan"), but that such an extension and increase would not be forthcoming without an agreement between the Debtors and the parties to the DIP Loan (collectively, the "DIP Lenders") on the other unresolved issues between the parties.

10. On February 12, 2010, the Debtors and other interested parties determined that completion of the Debtors restructuring effort on a continuing stand-alone basis for the Debtors' enterprise was no longer a viable option and that, given the Debtors' ongoing weekly cash operating losses and lack of access to any further borrowing capacity, a sale of the Debtors' assets would have to be pursued on an expedited basis. There ensued two weeks of very intense discussions to resolve the Debtors' liquidity issues and reach a resolution that would maximize the value of the Debtors' businesses. Finally, on February 22, 2010, the Debtors, the other parties to the RSA and the Official Committee of Unsecured Creditors reached a consensual agreement on the terms and conditions for a sale of the Debtors' assets for which approval is sought by this Motion.

---

Continued from previous page
November 6, 2009.. Orders granting the Rejection Motions were entered on August 18, 2009, September 15, 2009, December 10, 2009, and December 8, 2009, respectively [D.I. 121, 163, 381, and 371] (the "Rejection Orders").

[3] On January 29, 2010, the Debtors filed the Debtors' Motion Pursuant to 11 U.S.C. § 365 for an Order Authorizing the Assumption of Unexpired Leases of Nonresidential Real Property [D.I. 431] (the "Motion to Assume").

D. **The Upcoming Auction and Sale**

11. On February 24, 2010, the Debtors' filed the Debtors' Motion for Order(i) approving bidding procedures for the sale of substantially all of their assets (the "Sale"), (ii) approving the form and manner of notice of the sale and assumption and assignment of executory contracts and leases, (iii) approving the form of asset purchase agreement, (iv) approving and authorizing the sale of substantially all of the Debtors' assets to the highest and best bidder free and clear of all liens, interests, claims and encumbrances pursuant to Sections 105, 363, and 365 of the Bankruptcy Code, (v) waiving the requirements of Bankruptcy Rules 6004(g) and 6006(d), (vi) setting auction and hearing dates; and (vii) granting related relief (the "Bid Procedures and Sale Motion") [D.I. 455]. Pursuant to the Bid Procedures and Sale Motion, the Debtors intend to sell substantially all of their assets as a going concern. On March 4, 2010, the Court entered an order granting the Bid Procedures and Sale Motion [D.I. 482].

12. Additionally, on February 24, 2010, the Debtors' filed Debtors' Motion for an Order Pursuant to 11 U.S.C. §§ 105, 364, and 507: (1) Approving Postpetition Financing; (2) Providing Superpriority Expense Status; and (3) Scheduling Final Hearing (the "DIP Motion") [D.I. 457]. Pursuant to the DIP Motion, the Debtors sought additional financing in order to continue operating as a going concern until the Auction and Sale contemplated by the Bid Procedures and Sale Motion. On March 4, 2010, the Court entered an Order approving the DIP Motion [D.I. 481].

E. **The Equipment**

13. By the purchase agreement dated March 5, 2010 (the "Agreement"), George Zografos (the "Purchaser") agreed to purchase certain business personal property located at 4891 Transit Road, Depew, New York and 5090 Genesee St., Cheektowaga, New York (the

"Equipment"). The Purchaser is the landlord for the locations where the Equipment is located.

14. Pursuant to the Agreement, the Purchaser has agreed to purchase the Equipment for One Hundred Seventy-Three Thousand Five Hundred Dollars ($173,500) (the "Purchase Price").

15. The Purchase Price will provide the Debtors with much needed cash as they continue to operate as a going concern.

16. At a hearing that occurred on March 2, 2010 at 2:00 p.m., Counsel for the Debtors informed the Court and the parties present of this pending sale of the Equipment. The Committee and the DIP Lenders support this sale of the Equipment.

## RELIEF REQUESTED

17. By this Motion, the Debtors seek a Court Order approving and authorizing the sale of the Equipment pursuant to the Agreement. Specifically, the Debtor seeks, pursuant to Sections 105, 363(b) and (f) of the Bankruptcy Code and Bankruptcy Rules 2002(a)(2), 6004 and 9006(c), entry of a Sale Order that authorizes the transfer of the Equipment, free and clear of all interests, claims, and encumbrances, subject to the terms of the Agreement. The Debtors submit that the relief requested in this Motion is in the best interests of the Debtors' estate and its creditors and should therefore be approved by the Court.

18. In accordance with Bankruptcy Rule 6004(f)(1), the sale of the property outside the ordinary course of business may be by private sale or by public auction. See Fed.R.Bankr.P. 6004(f)(1). The sale of the Equipment pursuant to this Motion will enable the Debtors to obtain the highest and best price for the Equipment, thereby maximizing the value of their estates, and is in the best interests of the Debtors, their creditors and other parties in interest.

19. Similarly, in connection with the sale proposed through this Motion, the Debtors

do not believe that the establishment of bid procedures and the scheduling of an auction will result in higher or better offers.

**BASIS OF RELIEF REQUESTED**

20. Section 363 of the Bankruptcy Code provides, in pertinent part, that a debtor in possession, "after notice and a hearing, may use, sell or lease, other than in the ordinary course of business, property of the estate." 11 U.S.C. § 363(b)(1). See In re Ames Dept. Stores, Inc., 136 B.R. 357, 359 (Bankr. S.D.N.Y. 1992) (noting that store closing sales are governed by 363(b)).

21. In general, a debtor may use, sell or lease property of the estate outside of the ordinary course of its business where the sale represents an exercise of the debtor's sound business judgment. See, e.g., Comm. of Equity Sec. Holders v. Lionel Corp. (In re Lionel Corp.), 722 F.2d 1063, 1070 (2d Cir. 1983). See also Myers v. Martin (In re Martin), 91 F.3d 389, 395 (3d Cir. 1996) (citing Fulton State Bank v. Schipper (In re Schipper), 933 F.2d 513, 515 (7th Cir. 1991)); Stephens Indus., Inc. v. McClung, 789 F.2d 386, 390 (6th Cir. 1986); In re Abbotts Dairies of Pa., Inc., 788 F.2d 143, 145-47 (3d Cir. 1986); In re Delaware & Hudson Ry. Co., 124 B.R. 169, 176 (D. Del. 1991) (concluding that the Third Circuit adopted "sound business purpose" test after Abbotts Dairies decision); In re Titusville Country Club, 128 B.R. 396, 398 (Bankr. W.D. Pa. 1991). In accordance with Rule 6004(f)(1) of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"), sales of property outside the ordinary course of business may be accomplished through private sale or public auction.

22. Courts have applied four factors in determining whether a sound business justification exists: (i) whether a sound business reason exists for the proposed transaction; (ii) whether fair and reasonable consideration has been provided; (iii) whether the transaction has

been proposed and negotiated in good faith; and (iv) whether adequate and reasonable notice has been provided. See In re Lionel Corp., 722 F.2d at 1071 (setting forth the "sound business purpose" test); In re Abbotts Dairies of Pennsylvania, Inc., 788 F.2d at 145-47 (implicitly adopting the articulated business justification test of Lionel and adding the "good faith" requirement); In re Delaware & Hudson Ry. Co., 124 B.R. at 176 (adopting Lionel in this District). If a sound business justification exists, then a presumption attaches that the decision was informed, in good faith and in the honest belief that the action was in the best interests of the estate. Official Comm. of Subordinated Bondholders v. Integrated Resources, Inc. (In re Integrated Resources, Inc.), 147 BR 650, 656 (S.D.N.Y. 1992). The proposed sale meets each of these requirements.

23. There are compelling reasons and sound business justifications for the Court to authorize the sale of the Equipment as proposed herein. The Purchase Price represents the highest offer attainable for the Equipment and is comparable to other sales of similar equipment in the market place. Additionally, the Purchaser is the landlord for the locations in where the Equipment is located.

24. Furthermore, the Debtors have concluded that the sale of the Equipment is likely to produce the highest or best offer that could be reasonably obtained for the Equipment. Additionally, an auction is not likely to yield a substantially higher result to justify the additional fees and expenses associated with conducting an auction. The Debtors further believe that the sale of the Equipment in accordance with the terms of the proposed form of order submitted herewith is in the best interests of the Debtors and their estates and creditors.

25. The Debtors also request authority to sell the Equipment free and clear of any and all liens, claims and encumbrances which may be asserted. Section 363(f) of the Bankruptcy

Code permits a debtor to sell property free and clear of third-party interests only if (1) applicable nonbankruptcy law permits it, (2) the third party consents, (3) the interest is a lien and the purchase price is greater than the aggregate value of all liens on the property, (4) the interest is in bona fide dispute, or (5) the third party could be legally or equitably compelled to accept a money satisfaction of that interest. Since section 363(f) of the Bankruptcy Code is written in the disjunctive, any of the five conditions, including the "consent" of the lienholders, provides authority to sell free and clear of liens. See Citicorp Homeowners Services, Inc. v. Elliot (In re Elliot), 94 B.R. 343, 345 (E.D. Pa. 1988).

26. The Debtors submit that the sale of the Equipment satisfies the requirements of Section 363(f) because the interest is a lien and CIT, the lien holder, consents to the sale of the Equipment. Thus, the Debtors submit that the sale of the Equipment free and clear of any interests, claims, and encumbrances will satisfy the statutory prerequisites of Section 363(f) of the Bankruptcy Code.

## NOTICE

27. The Debtors will serve notice of this Motion upon (i) the Office of the United States Trustee; (ii) counsel to the Official Committee of Unsecured Creditors; (iii) counsel for the Debtors' post-petition secured lenders; (iv) those parties requesting notice pursuant to Bankruptcy Rule 2002. In light of the nature of the relief requested herein, the Debtors submit that no other or further notice is necessary.

WHEREFORE the Debtors respectfully requests the Court enter an order in the form attached hereto as Exhibit B approving and authorizing the sale of the Equipment pursuant to the terms and conditions stated herein and granting related relief.

Dated: March 8, 2010  
Wilmington, Delaware

Respectfully submitted,

REED SMITH LLP

By: /s/ Kathleen A. Murphy
Mark W. Eckard (Bar No. 4542)
Kathleen A. Murphy (Bar No. 5215)
1201 North Market Street, Suite 1500
Wilmington, DE 19801
Telephone: (302) 778-7500
Facsimile: (302) 778-7575

and

J. Andrew Rahl, Jr., Esquire
599 Lexington Avenue
New York, NY 10022
Telephone: (212) 521-5400
Facsimile: (212) 521-5450

Counsel for Kainos Partners Holding Company LLC, *et al.*, Debtors and Debtors-in-Possession