# UNITED STATES BANKRUPTCY COURT
## DISTRICT OF DELAWARE

| | |
|---|---|
| In re | Chapter 11 |
| KAINOS PARTNERS HOLDING COMPANY LLC, *et al.*,[1] | Case No. 09-12292 (BLS) (Jointly Administered) |
| Debtors. | **Re: Docket No. 455** |

## ORDER (I) APPROVING AND AUTHORIZING SALE OF STORES AND RELATED ASSETS FREE AND CLEAR OF ANY AND ALL LIENS, CLAIMS, ENCUMBRANCES, AND OTHER INTERESTS; (II) APPROVING THE ASSUMPTION AND ASSIGNMENT OF CERTAIN EXECUTORY CONTRACTS AND UNEXPIRED LEASES; AND (III) GRANTING RELATED RELIEF

Upon the motion (the "Sale Motion") of the above-captioned debtors (the "Debtors"), for

an order (the "Order") pursuant to Sections 105, 363 and 365 of title 11 of the United States

Code (the "Bankruptcy Code") and Rules 6004, 6006 and 9014 of the Federal Rules of

Bankruptcy Procedure (the "Bankruptcy Rules") authorizing the Debtors to (i) sell a substantial

---

[1] The Debtors in these cases, along with the last four digits of their respective federal tax identification numbers, are as follows: Kainos Partners Holding Company LLC (2522), Kainos Partners Buffalo RE Holdings LLC (4572), Kainos Partners Greenville SC-RE Holdings LLC (1049), Kainos Partners Las Vegas RE Holdings LLC (4953), Kainos Vineyard Drive RE LLC (4572), Kainos Highway 29 RE LLC (4368), Kainos 1996 East Main RE LLC (4323), Kainos Wade Hampton RE LLC (0258), Kainos Clinton CML RE LLC (3046), Kainos Wilson Road RE LLC (4582), Kainos Partners Columbia SC LLC (0839), Kainos Partners Houston LLC (2322), Kainos Partners Las Vegas LLC (2311), Kainos Partners Las Vegas LLC Operating Series #1 (2311), Kainos Partners Las Vegas LLC Operating Series #2 (2311), Kainos Partners Las Vegas LLC Operating Series #3 (2311), Kainos Partners Las Vegas LLC Operating Series #4 (2311), Kainos Partners Las Vegas LLC Operating Series #5 (2311), Kainos Partners Las Vegas LLC Operating Series #6 (2311), Kainos Partners Las Vegas LLC Operating Series #8 (2311), Kainos Partners Las Vegas LLC Operating Series #10 (2311), Kainos Partners Las Vegas LLC Operating Series #11 (2311), Kainos Partners Las Vegas LLC Operating Series #13 (2311), Kainos Partners Las Vegas LLC Operating Series #14 (2311), Kainos Partners Las Vegas LLC Operating Series #15 (2311), Kainos Partners Las Vegas LLC Operating Series #18 (2311), Kainos Partners Las Vegas LLC Operating Series #20 (2311), Kainos Partners Las Vegas LLC Operating Series #21 (2311), Kainos Partners Las Vegas LLC Operating Series #24 (2311), Kainos Partners Las Vegas LLC Operating Series #25 (2311), Kainos Partners Las Vegas LLC Operating Series #28 (2311), Kainos Partners Las Vegas LLC Operating Series #34 (2311), Kainos Partners LLC (4132), Kainos Partners South Carolina LLC (2847), Kainos Walden-Transit LLC (8183), Kainos Camp-Southwestern LLC (1665), Kainos Main Street Jimtown LLC (2390), Kainos Fairmount LLC (3145), Kainos Crosspoints LLC (5065), Kainos Main-Bailey LLC (2673), Kainos Boulevard Mall LLC (5711), Kainos Union Rd LLC (5397), Kainos Flix-Transit LLC (6538), Kainos Walden LLC (6538), Kainos NF Maple Road LLC (8345), Kainos Union Road Cheektowaga LLC (9508), Kainos Broadway Retail LLC (5605), Kainos Main-Chippewa LLC (3003), Kainos Transit-Genesee LLC (5497), Kainos Broadway CML LLC (5544), Kainos Eggert Road LLC (0880), Kainos Delaware-Hertel LLC (6137), Kainos Vineyard Drive LLC (5721), Kainos Boston State Road LLC (0995), Kainos Walmart LLC (4344), Kainos Tiger Boulevard LLC (8580), Kainos East Main Street LLC (7907), Kainos East Greer Street LLC (4666), Kainos Fairview Road LLC (4557), Kainos Main & Coffee LLC (4231), Kainos Highway 29 LLC (4679), Kainos 1996 East Main LLC (4618), Kainos East Greenville Street LLC (0171), Kainos Boiling Springs LLC (1260), Kainos West Butler LLC (0160), Kainos Main Street Simpsonville LLC (4281), Kainos North Main Street LLC (0885), Kainos 1131 West Wade Hampton Blvd LLC (6055), Kainos 2903 N. Pleasantburg Dr. LLC I6132), Kainos 520 N. US Highway 25 LLC (6429), Kainos 7252 Moorefield Memorial Hwy. LLC (6376), Kainos Woodruff Road LLC (1085), Kainos 411 The Parkway LLC (6203), Kainos 1551 Laurens Rd. LLC (6330), Kainos 6055 White Horse Rd. LLC (6479), Kainos Calhoun Memorial LLC (6264), Kainos South Pine LLC (0164), Kainos Wade Hampton LLC (0993), Kainos WM Central LLC (1210), Kainos Farrow Road LLC (5453), Kainos Main Street Columbia LLC (5500), Kainos 378 & Sunset LLC (1138), Kainos South Lake Drive LLC (4435), Kainos Clemson Road LLC (0253), Kainos Wilson Road ITC (4465), Kainos Ann & Simmons LLC (4868), Kainos Boulder & Racetrack LLC (5070), Kainos Craig & Jones LLC (5145), Kainos Silverado & Bermuda LLC (4948), Kainos Clinton CML (5727), Kainos Lake Mead & Simmons LLC (2311). The mailing address for Kainos is 26 Parkway Commons Drive, Greer, SC 29650.

portion of the assets and business operations of the Debtors and related assets, including without limitation the fee owned property located at 3929 Vineyard Drive, Dunkirk, New York, to Dunkin' Brands, Inc. or its designee or another purchaser submitting a higher or better offer free and clear of Liens (as defined below), claims, and other interests (other than as specified herein) and (ii) assume (to the extent not already assumed) and assign certain leases and executory contracts; and this Court having entered the Order Approving Bidding Procedures in Connection with Proposed Sale of Stores and Related Assets on March 4, 2010 (Docket No. 482, the "Bidding Procedures Order"); and an auction for the Purchased Assets[2] having been held on March 30, 2010; and the Debtors having concluded at the end of the auction that DBI Stores LLC ("Buyer") has submitted the highest and best offer for the Purchased Assets; and this Court having determined that the relief requested in the Sale Motion as applicable to the Purchased Assets is in the best interests of the Debtors, their estates, its creditors, and other parties-in-interest; and after due deliberation thereon; and good and sufficient cause appearing therefor; adequate notice having been given and a hearing having been held on March 31, 2010 (the "Hearing") at which time all interested parties were afforded an opportunity to be heard with respect to the Sale Motion as applicable to the sale of the Purchased Assets; the Court having considered the testimony, documentary evidence, offers of proof (to the extent consented to by the parties), stipulations of the parties, and the arguments of counsel; and this Court having determined that Buyer has submitted the highest and best offer for the Purchased Assets; and good cause otherwise having been shown for the relief requested;

---

[2] Capitalized terms not defined herein shall have the meaning ascribed to such terms in the Asset Purchase Agreement between the Debtors and DBI Stores LLC dated as of March 25, 2010, attached hereto as Exhibit A, as amended by the Amendment To Asset Purchase Agreement dated March 31, 2010, attached hereto as Exhibit B (as amended, the "Asset Purchase Agreement").

NOW, upon the Sale Motion, the exhibits annexed thereto, the evidence presented at the Hearing and the arguments of counsel advanced at the Hearing, and all prior pleadings and proceedings made herein,

THE COURT HEREBY FINDS:

A.  The findings and conclusions set forth herein constitute the Court's findings of fact and conclusions of law pursuant to Rule 7052 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"), as made applicable to this proceeding pursuant to Bankruptcy Rule 9014.

B.  This Court, pursuant to 28 U.S.C. § 1334, has jurisdiction over all assets of the Debtor and its chapter 11 estate.  The Sale Motion is a core proceeding as defined in 28 U.S.C. § 157(b)(2).  Venue of the Sale Motion in this district is proper pursuant to 28 U.S.C. §§ 1408 and 1409.

C.  The Asset Purchase Agreement between the Buyer and the Debtors was offered in good faith, from an arm's-length bargaining position without collusion or fraud, by the parties.

D.  The Debtors and their advisers have diligently and in good faith marketed the Purchased Assets to secure the highest and best offer or offers therefor.  The total consideration provided for in the Asset Purchase Agreement entered into with Buyer, and the transactions contemplated thereby, represent a fair and reasonable purchase price and constitute the highest and best offer obtainable for the Purchased Assets, and constitutes (a) reasonably equivalent value under the Bankruptcy Code and (b) reasonably equivalent value, fair consideration, and fair value under any other applicable laws of the United States, any state, territory or possession, or the District of Columbia for the Purchased Assets.

E.     The bidding procedures set forth in Exhibit A to the Bidding Procedures Order afforded a full, fair and reasonable opportunity for any qualified entity to make a higher and better offer to purchase the Purchased Assets, and no higher or better offer has been made.  The bidding procedures approved by the Bidding Procedures Order have been fully complied with in all respects.

F.     The Debtors have demonstrated good, sufficient, and sound business purpose and justification and compelling circumstances for the sale of the Purchased Assets pursuant to section 363 of the Bankruptcy Code prior to, and outside of, a plan of reorganization.

G.     The Asset Purchase Agreement must be approved promptly in order to preserve the value of the Purchased Assets.  The Asset Purchase Agreement presents the best opportunity to realize the value of the Purchased Assets and avoid further decline and devaluation of the Purchased Assets, and the Asset Purchase Agreement and the closing thereunder will provide a greater recovery for the Debtors' creditors than would be provided by any other presently available alternative.

H.     Buyer has acted in good faith in this matter, is a good faith purchaser as that term is used in the Bankruptcy Code, and is, accordingly, entitled to the protections set forth in section 363(m) of the Bankruptcy Code.

I.     With respect to any and all persons or entities asserting any claim, lien, pledge, option, charge, hypothecation, easement, security interest, mechanic's lien, right of way, encroachment, mortgage, deed of trust, transfer restriction, lease, sublease, covenants, declarations, restrictions, claim or right of first refusal, or other encumbrance (collectively, "Liens") or other claims or interests in, to, and/or under the Purchased Assets other than the Liens in the amounts set forth on Exhibit C hereto plus interest and fees payable as part of such

4

Liens (the "Assumed Liens"), (i) applicable non-bankruptcy law permits sale of such property free and clear of such Liens, claims or interests; (ii) such person or entity has consented to the sale and transfer, license, and assignment as applicable, free and clear of its Liens, claims or interests, with such Liens, claims or interests to attach to the proceeds of such sale and transfer, license, and assignment, as applicable, in the same order of priority and with the same validity, force, and effect as existed with respect to the Purchased Assets immediately prior to the sale and transfer; (iii) such Liens, claims or interests are liens and the price at which such property is to be sold is greater than the aggregate value of all liens on such property; (iv) such Liens, claims or interests are in bona fide dispute; and/or (v) such person or entity could be compelled, in a legal or equitable proceeding, to accept a money satisfaction for such Liens, claims or interests; so that the conditions of section 363(f) of the Bankruptcy Code have been satisfied. Those holders of Liens, claims or interests who did not object or who withdrew their objections to the Sale Motion are deemed to have consented to the Sale Motion pursuant to section 363(f)(2) of the Bankruptcy Code. Those holders of Liens, claims or interests that did object fall within one or more of the subsections of section 363(f) of the Bankruptcy Code.

J.    All defaults (other than defaults of the type specified in section 365(b)(2) of the Bankruptcy Code) under the contracts and unexpired leases set forth in Exhibit D hereto (the "Closing Date Assigned Contracts and Leases") will be cured at or prior to Closing, as a result of which all defaults necessary to be cured will have been cured, and adequate assurance of future performance of Buyer or the Buyer Real Estate Entity, as the case may be, under the Closing Date Assigned Contracts and Leases has been provided within the meaning of sections 365(b) and (f)(2)(B) of the Bankruptcy Code.

24339210_5.DOC

K. The Debtors have demonstrated that it is an exercise of their sound business judgment to assume and/or assign the Closing Date Assigned Contracts and Leases to Buyer or the Buyer Real Estate Entity, as the case may be, and that the assumption and/or assignment of the Closing Date Assigned Contracts and Leases is in the best interest of the Debtors and their chapter 11 estates.

L. The assumption (to the extent not already assumed) and immediate assignment of the Closing Date Assigned Contracts and Leases to Buyer or the Buyer Real Estate Entity, as the case may be, is subject to all the provisions of the Asset Purchase Agreement. Each and every provision of the Closing Date Assigned Contracts and Leases or applicable non-bankruptcy law that purports to prohibit, restrict, or condition, or could be construed as prohibiting, restricting, or conditioning, assignment of any of the Closing Date Assigned Contracts and Leases has been satisfied or is otherwise unenforceable under section 365 of the Bankruptcy Code.

M. Under all the circumstances presented, (i) all actions contemplated in the Asset Purchase Agreement; (ii) consummation of all acts contemplated in this Order; (iii) the transfer of the Purchased Assets by the Debtors to Buyer or the Buyer Real Estate Entity, as the case may be; (iv) the assumption and/or immediate assignment to Buyer or the Buyer Real Estate Entity, as the case may be, of the Closing Date Assigned Contracts and Leases; and (v) the receipt by the Debtors of the Purchase Price, are in the best interests of the Debtors and their estates, creditors, and interest holders.

N. Proper, sufficient, and sound business reasons and other good cause for the entry of this Order have been shown.

O. The provisions of sections 363 and 365 of the Bankruptcy Code have been complied with as they are applicable to the transfer of the Purchased Assets and the assumption

and/or assignment of the Closing Date Assigned Contracts and Leases by the Debtors to Buyer or the Buyer Real Estate Entity, as the case may be.

P.    The Debtors have given due and proper notice of the proposed sale of the Purchased Assets to all parties required to receive notice, including without limitation, to (i) all entities known to have an interest in the Purchased Assets; (ii) all federal, state, and local regulatory or taxing authorities or recording offices which have a known interest in the relief requested by the Sale Motion; (iii) all non-Debtors parties to executory contracts and unexpired leases with the Debtors; (iv) the Internal Revenue Service; (v) the Environmental Protection Agency; (vi) the United States Attorney's Office for the District of Delaware; and (vii) all other entities that have filed requests for notices pursuant to Bankruptcy Rule 2002.

Q.    A reasonable opportunity to object or be heard with respect to the Sale Motion and the relief requested therein, and the rights of third parties to submit higher or otherwise better offers for the Purchased Assets, has been afforded to all interested parties and entities.

R.    Except with respect to liabilities expressly assumed in the Asset Purchase Agreement, the Closing and the consummation of the transactions contemplated by the Asset Purchase Agreement shall not subject Buyer to any liability whatsoever with respect to the prepetition operation of the business of the Debtors or the postpetition operation of the business of the Debtors. Buyer is not holding itself out to the public as a continuation of the Debtors, and no common identity of incorporators, directors, or stockholders exists between Buyer and the Debtors. Pursuant to the Asset Purchase Agreement, Buyer is not purchasing all of the Debtors' assets. The transactions contemplated by the Asset Purchase Agreement do not amount to a consolidation, merger, or *de facto* merger of Buyer and the Debtors and/or the Debtors' estates, there is not substantial continuity between Buyer and the Debtors, there is no continuity of

7

enterprise between the Debtors and Buyer, Buyer is not a mere continuation of the Debtors or the Debtors' estates, and Buyer does not constitute a successor to the Debtors or the Debtors' estates. Upon the Closing, Buyer and the Buyer Real Estate Entity shall be deemed to have assumed only the liabilities expressly assumed in the Asset Purchase Agreement. Except for those assumed liabilities, the acquisition of the Purchased Assets by Buyer or the Buyer Real Estate Entity, as the case may be, shall be free and clear of any "successor liability" claims of any nature whatsoever, whether known or unknown and whether asserted or unasserted as of the Closing. Buyer's operation and use of the Purchased Assets acquired from the Debtors shall not be deemed a continuation of the Debtors' business. The Court finds that Buyer and the Buyer Real Estate Entity, as the case may be, would not have acquired the Purchased Assets but for the foregoing protections against potential claims based upon "successor liability" theories.

S.    Neither the Debtors nor Buyer has engaged in any conduct that would cause or permit the Asset Purchase Agreement or the transactions contemplated thereby to be avoided or avoidable, or costs or damages to be imposed, under section 363(n) of the Bankruptcy Code. The Buyer is not an "insider" or "affiliate" of the Debtors (as such terms are defined in the Bankruptcy Code).

T.    As of the Closing under the Asset Purchase Agreement, the cure amounts for the Closing Date Assigned Contracts and Leases, including the amounts relating to the period prior to the Petition Date, as set forth on Exhibit D hereto, will have been paid or adequate provision for the prompt cure of such defaults will have been made, and Buyer or the Buyer Real Estate Entity, as the case may be, has, upon request, provided each of the counterparties to the Closing Date Assigned Contracts and Leases with adequate assurance of future performance pursuant to section 365 of the Bankruptcy Code. Therefore, no uncured default shall exist under the Closing

8

Date Assigned Contracts and Leases, nor shall there exist any event or condition which, with the passage of time or the giving of notice, or both, would constitute such a default under the Closing Date Assigned Contracts and Leases. Upon assignment and sale to Buyer or the Buyer Real Estate Entity, as the case may be, the Closing Date Assigned Contracts and Leases shall be deemed valid and binding, in full force and effect in accordance with their terms, subject to the provisions of this Order.

U.     The cure amounts listed on Exhibit D are the full and complete cure amounts due for existing defaults under the Closing Date Assigned Contracts and Leases arising on or prior to the Petition Date.

V.     Time is of the essence in consummating the Sale. In order to maximize the value of the Debtors' assets, it is essential that the sale of the Purchased Assets occur within the time constraints set forth in the Asset Purchase Agreement. Accordingly, the Court finds that there is cause to waive and/or vacate the stays imposed by Rules 6004(h) and 6006(d) of the Bankruptcy Rules, and such stays are hereby vacated and shall have no application to the relief afforded by this Order.

IT IS THEREFORE ORDERED, ADJUDGED, AND DECREED THAT:

1.     The Sale Motion is hereby granted in all respects. All objections with regard to the relief sought in the Sale Motion that have not been withdrawn, waived, or settled, are hereby overruled on the merits. The Asset Purchase Agreement is approved in all respects.

2.     The Debtors are hereby authorized, empowered, and directed, and, upon entry of this Order, have all the power and authority necessary to:

a.     Fully perform under, consummate, implement, execute, and deliver the Asset Purchase Agreement and all other documents contemplated thereby,

9

to consummate the transactions contemplated by the Asset Purchase Agreement, and to take all other actions required to be taken pursuant to the Asset Purchase Agreement;

b. Transfer the Purchased Assets to Buyer or the Buyer Real Estate Entity, as the case may be, and to execute and deliver all the documents necessitated thereby, and to take any action necessary to effectuate the transfer of the Purchased Assets to Buyer or the Buyer Real Estate Entity, as the case may be, including without limitation to execute and deliver deeds in customary form with respect to the fee owned property located at 3929 Vineyard Drive, Dunkirk, New York;

c. Assume (to the extent not already assumed) and assign the Closing Date Assigned Contracts and Leases effective upon the Closing and upon the terms and conditions set forth in the Asset Purchase Agreement;

d. Receive the consideration described in the Asset Purchase Agreement from Buyer and take any action necessary to effectuate the receipt of such consideration; and

e. Fully perform and take all action necessary to effectuate the Asset Purchase Agreement, the transactions contemplated thereby, and the obligations contemplated by this Order.

3. No other or further consents or approvals of this Court are required for the Debtors to consummate or effectuate (i) the Asset Purchase Agreement, (ii) the transfer of the Purchased Assets, (iii) the assumption (to the extent not already assumed) and assignment to

Buyer or the Buyer Real Estate Entity, as the case may be, of the Closing Date Assigned Contracts and Leases, or (iv) the receipt of consideration from Buyer.

4.      No bulk sale law or any similar law of any state or jurisdiction shall apply in any way to the transactions authorized hereunder.

5.      Pursuant to section 363(f) of the Bankruptcy Code, the Purchased Assets shall be transferred to Buyer or the Buyer Real Estate Entity, as the case may be, and, upon the Closing under the Asset Purchase Agreement, the Purchased Assets shall be free and clear of any and all Liens, claims and interests (other than the Assumed Liens), including, without limitation, all claims, if any, arising from the operation or cessation of the Debtors' business, whether arising prior to or subsequent to the commencement of the Debtors' cases under chapter 11 of the Bankruptcy Code (or any case under chapter 7 of the Bankruptcy Code that may result from the conversion of any of these chapter 11 cases), and whether imposed by agreement, understanding, law, equity, or otherwise, which Liens, claims and interests, if any, shall attach to the proceeds of the sale in the same order of priority and with the same validity, force and effect as existed with respect to the Purchased Assets immediately prior to the sale and transfer.  Except as expressly permitted by the Asset Purchase Agreement and this Order, all persons or entities holding or asserting any Liens, claims or interests (other than the Assumed Liens) of any kind or nature with respect to the Purchased Assets or business formerly conducted by the Debtor shall be, and hereby are, barred from asserting such Liens, claims or interests against Buyer or the Buyer Real Estate Entities, their respective successors and assigns, or the Purchased Assets.

6.      In accordance with sections 365(b)(2) and 365(f) of the Bankruptcy Code, upon transfer of the Closing Date Assigned Contracts and Leases to Buyer or the Buyer Real Estate Entity, as the case may be, (i) Buyer or the Buyer Real Estate Entity, as the case may be, shall

11

have all of the rights of the Debtors thereunder and each provision of such Closing Date Assigned Contracts and Leases shall remain in full force and effect for the benefit of Buyer or the Buyer Real Estate Entity, as the case may be, notwithstanding any provision in any such Closing Date Assigned Contracts and Leases or in applicable law that prohibits, restricts or limits in any way such assignment or transfer, and (ii) neither the Closing Date Assigned Contracts and Leases may be terminated, or the rights of any party modified in any respect, including pursuant to any "change of control" clause, by any other party thereto as a result of the consummation of the transaction contemplated by the Asset Purchase Agreement.

7.     Effective upon the Closing, all persons and entities are forever prohibited and enjoined from commencing or continuing in any manner any action or other proceeding, whether in law or equity, in any judicial, administrative, arbitral, or other proceeding, against Buyer or the Buyer Real Estate Entity, as the case may be, or their respective successors and assigns, with respect to any Lien, claim or interest (other than the Assumed Liens).  Without limiting the generality of the foregoing, Buyer and the Buyer Real Estate Entities and their respective successors and assigns shall have no liability for any claim against the Debtors or their directors, officers, or shareholders, whether such claim is known or unknown, matured or unmatured, liquidated or unliquidated, contingent or non-contingent.  Pursuant to sections 105(a) and 363 of the Bankruptcy Code, the Court hereby issues a permanent injunction against the holders of any Liens, claims or interests (other than the Assumed Liens) against the Debtors with respect to assertion of or taking any action to collect or enforce such Liens, claims or interests against Buyer, the Buyer Real Estate Entities, or their respective successors and assigns.

8.     Except as expressly provided in the Asset Purchase Agreement, the consummation of the Asset Purchase Agreement shall not subject Buyer, the Buyer Real Estate

Entities, or their respective successors and assigns to any liability whatsoever with respect to the prepetition or postpetition operation of the business of the Debtors through the Closing Date in any form or manner whatsoever, including, without limitation, by reason of any theory of successor or transferee liability, *de facto* merger, or substantial continuity, whether known or unknown and whether asserted or unasserted as of the Closing.

9.      If any person or entity that has filed a financing statement or other documents or agreements evidencing a Lien (other than any of the Assumed Liens) on the Purchased Assets shall not have delivered, in proper form for filing, termination statements, instruments of satisfaction, releases, and other documents to the Debtors prior to the Closing, then the Debtors and Buyer shall be and hereby are authorized to execute such termination statements, instruments of satisfaction, releases, and other documents on behalf of the person or entity and to file the same with any appropriate registry or public filing office.  Notwithstanding the foregoing, the provisions of this Order authorizing the sale and assignment of the Purchased Assets free and clear of Liens, claims and interests (other than the Assumed Liens) shall be self-executing. Notwithstanding the failure of Buyer, the Debtors, or any other party to execute, file, or obtain releases, termination statements, assignment consents, or other instruments to effectuate, consummate, and/or implement the provisions hereof or the Asset Purchase Agreement with respect to the sale of the Purchased Assets and the assumption and/or assignment of the Closing Date Assigned Contracts and Leases, all Liens, claims or interests in, to, and/or under the Purchased Assets and the Closing Date Assigned Contracts and Leases (other than the Assumed Liens) shall be deemed to be divested, terminated, and discharged as of the Closing Date.

10.     This Sale Order shall be binding upon all filing agents, filing officers, title agents, title companies, recorders of mortgages, recorders of deeds, registrars of deeds, administrative

agencies, governmental departments, secretaries of state, federal, state, and local officials, and all other persons and entities who may be required by operation of law, the duties of their office, or contract, to accept, file, register or otherwise record or release any documents or instruments, or who may be required to report or insure any title or state of title in or to any of the Purchased Assets. Each and every federal, state, and local governmental agency or department or office is hereby authorized to accept this Sale Order and any and all documents and instruments necessary and appropriate to consummate the Transaction contemplated by the Asset Purchase Agreement.

11.     The Debtors are hereby authorized in accordance with section 365 of the Bankruptcy Code to (i) sell, assume, assign, and transfer to Buyer or the Buyer Real Estate Entity, as the case may be, the Closing Date Assigned Contracts and Leases pursuant to the provisions of sections 363 and 365 of the Bankruptcy Code, free and clear of any and all Liens, claims and interests (other than the Assumed Liens), and (ii) execute and deliver to Buyer or the Buyer Real Estate Entity, as the case may be, such assignment documents as may be necessary to sell, assign, and transfer the Closing Date Assigned Contracts and Leases.

12.     On or before the Closing and as provided in the Asset Purchase Agreement, the amounts due, if any, on the Closing Date Assigned Contracts and Leases necessary to cure any existing default arising before, on, or after the Petition Date under the Closing Date Assigned Contracts and Leases shall have been paid or such other action as will ensure the prompt cure of any such existing default shall have been taken. Other than payment of such amounts, if any, no other action needs to be taken with respect to any of the Closing Date Assigned Contracts and Leases in order for the Debtors to assume the Closing Date Assigned Contracts and Leases under sections 365(b) and 365(f)(2) of the Bankruptcy Code.

14

13. The Closing Date Assigned Contracts and Leases shall, upon assumption and/or assignment to Buyer or the Buyer Real Estate Entity, as the case may be, be deemed to be valid and binding and in full force and effect and enforceable by Buyer or the Buyer Real Estate Entity, as the case may be, in accordance with their respective terms. Pursuant to section 365(k) of the Bankruptcy Code, the Debtors shall be relieved, from the date of its assignment, from any further liability with respect to the Closing Date Assigned Contracts and Leases. Buyer or the Buyer Real Estate Entity, as the case may be, shall not, as a result of such assignment, assume any liability under the Closing Date Assigned Contracts and Leases for events occurring prior thereto.

14. The assumption and/or assignment of the Closing Date Assigned Contracts and Leases is conditioned upon the Debtors closing under the Asset Purchase Agreement.

15. The Debtors are hereby authorized, empowered, and directed, and, upon entry of the Order, shall have all the authority necessary to perform such ministerial acts as may be required to effectuate and implement the Asset Purchase Agreement and any transaction contemplated thereby. The Debtors shall cooperate with and take all actions reasonably requested by Buyer to effectuate the Asset Purchase Agreement and any transaction contemplated thereby.

16. All of the transactions and actions contemplated by this Order are properly authorized under sections 105, 363, and 365 of the Bankruptcy Code.

17. The consideration provided by Buyer for the Purchased Assets (including the Closing Date Assigned Contracts and Leases) under the Asset Purchase Agreement is fair and reasonable, and the result of open and competitive bidding, and may not be avoided, or costs or

24339210_5.DOC

damages imposed or awarded, under section 363(n) or any other provision of the Bankruptcy Code.

18.     This Court retains jurisdiction to enforce and implement the terms and provisions of the Asset Purchase Agreement, all amendments thereto, any waivers and consents thereunder, and any agreements executed in connection therewith in all respects, including but not limited to, retaining jurisdiction (a) to compel delivery of the Purchased Assets (including the Closing Date Assigned Contracts and Leases) to Buyer or the Buyer Real Estate Entity, as the case may be; (b) to resolve any disputes arising under or related to the Asset Purchase Agreement, except as otherwise provided therein; (c) to protect Buyer, the Buyer Real Estate Entities, their respective successors and assigns, or the Purchased Assets, from and against any Liens, claims and interests (other than the Assumed Liens); and (d) to interpret, implement, and enforce the provisions of this Order.

19.     The transactions contemplated by the Asset Purchase Agreement are undertaken by Buyer, in good faith, as that term is used in section 363(m) of the Bankruptcy Code, and accordingly, the reversal or modification on appeal of the authorization provided herein to consummate the sale shall not affect the validity of the sale to Buyer, unless such authorization is duly stayed pending such appeal.  Buyer is a good-faith purchaser, and is entitled to all of the protections afforded by section 363(m) of the Bankruptcy Code.

20.     The terms and provisions of the Asset Purchase Agreement and this Order shall be binding in all respects upon, and shall inure to the benefit of, the Debtors and their affiliates their successors and assigns, the Debtors' creditors, all persons or entities holding an interest in the Debtors, including, without limitation, all non-debtor parties to the Closing Date Assigned Contracts and Leases, notwithstanding conversion or dismissal of the Debtors' bankruptcy cases

24339210_5.DOC

or any subsequent appointment of any trustee under any chapter of the Bankruptcy Code, as to which trustee such terms and provisions likewise shall be binding and not be subject to rejection or avoidance.

21. Nothing in this Order is intended to or shall be deemed to modify the terms of the Asset Purchase Agreement, except as expressly provided herein.

22. The failure specifically to include or refer to any particular provision of the Asset Purchase Agreement in this Order shall not diminish or impair the effectiveness of such provision, it being the intent of this Court that the Asset Purchase Agreement be authorized and approved in its entirety.

23. The Asset Purchase Agreement and any related agreements, documents, or other instruments may be modified, amended, or supplemented by the parties thereto, in a writing signed by the Debtors and Buyer, and in accordance with the terms of the Asset Purchase Agreement, without further order of the Court. The terms and provisions of this Order shall inure to the benefit of and shall be fully enforceable by Buyer's and the Buyer Real Estate Entities' successors and assigns.

24. The automatic stay provisions of section 362 of the Bankruptcy Code are lifted and modified to the extent necessary to implement the terms and conditions of the Asset Purchase Agreement and the provisions of this Order. The Debtors irrevocably waive any right to seek any modification of this Order without the prior written consent of Buyer, and no such consent shall be implied by any other action, inaction, or acquiescence by Buyer.

25. The provisions of Bankruptcy Rules 6004(h) and 6006(d) staying the effectiveness of this Order for 14 days are hereby waived and this Order shall be effective, and

17

the parties may consummate the transactions contemplated by the Asset Purchase Agreement, immediately upon entry.

26.     Nothing contained in any plan of reorganization or liquidation confirmed in this case or the order confirming any plan of reorganization or liquidation shall conflict with or derogate from the provisions of this Order. Further, the provisions of this Order, and any actions taken pursuant hereto, shall survive the entry of an order confirming any plan of reorganization or liquidation of any of the Debtors or converting any of the Debtors' cases from chapter 11 to a case under chapter 7 of the Bankruptcy Code.

27.     This Court shall retain jurisdiction over the parties to the Asset Purchase Agreement and the Closing Date Assigned Contracts and Leases with respect to any matters related to or arising under the Asset Purchase Agreement or under this Order.

Dated: April 1 , 2010
        Wilmington, Delaware

THE HONORABLE BRENDAN L. SHANNON
UNITED STATES BANKRUPTCY JUDGE

24339210_5.DOC